UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

CLEMENT BOATENG,                                                  16 Cr. 710 (WHP)

                  Defendant.


**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION PURSUANT TO
RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**


                                    GEOFFREY S. BERMAN
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States of America


Allison Nichols
Christopher J. DiMase
Assistant United States Attorneys
      – Of Counsel –

## TABLE OF CONTENTS

I.      Preliminary Statement .......................................................................................... 1

II.     Background ........................................................................................................... 1

        A.      Procedural Background ............................................................................. 1

        B.      Boateng's Motion Under Federal Rule of Civil Procedure 60(b) ........................... 3

III.    Applicable Law .................................................................................................... 3

        A.      Motions Under Rule 60(b) ........................................................................ 3

        B.      Recharacterizing *Pro Se* Motions as Section 2255 Petitions ................................ 4

IV.     Discussion ............................................................................................................ 5

        A.      Rule 60(b) Entitles the Defendant to No Relief .......................................... 5

        B.      The Court May Recharacterize the Motion as a Section 2255 Petition
                After Proper Notice to Boateng .................................................................. 5

V.      Conclusion ........................................................................................................... 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

CLEMENT BOATENG,                          16 Cr. 710 (WHP)

                   Defendant.

## I.      Preliminary Statement

The Government respectfully submits this brief in response to the Court's Order of June 4, 2018, directing the Government to reply to defendant Clement Boateng's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  As further explained below, Rule 60(b) entitles the defendant to no relief, and the Court should deny the motion in its entirety.  In the alternative, should the Court wish to recharacterize the defendant's motion as a first motion pursuant to Title 28, United States Code, Section 2255, the Court should follow the procedures set forth in *Castro v. United States*, 540 U.S. 375, 383 (2003), to give the defendant notice and allow him the opportunity to withdraw or amend the motion.

## II.      Background

### A.      Procedural Background

The defendant pleaded guilty in 2014 to conspiring to distribute and possess with intent to distribute crack cocaine, as charged in Indictment 13 Cr. 414 (SHS) (the "Drug Conspiracy"), and was sentenced to thirty months' incarceration and thirty months' supervised release.  He was released to his supervised release term in October 2015 and was initially compliant with the terms of his supervision.  However, the defendant was arrested in September 2016, following an altercation in which he brought a loaded firearm into the lobby of an apartment building, racked

it, and shoved another individual while holding the gun.  Two people, including the person the defendant had shoved, then jumped on the defendant and grabbed for the gun.  In the ensuing scuffle, the firearm went off twice, but no one was hit.

For his role in that altercation, the defendant was charged with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g) (the "Gun Offense").  On October 24, 2016, he waived indictment, and felony information 16 Cr. 710 (WHP) (the "Information") was filed.  On November 3, 2016, the Honorable Sidney H. Stein reassigned the violation of supervised release on the Drug Conspiracy to Your Honor.  On January 25, 2017, the defendant pleaded guilty to the Information without a plea agreement and separately admitted to violating the terms of his supervised release by committing a new crime.

The Presentence Investigation Report ("PSR") for the Gun Offense calculated a total offense level of 23 and a criminal history category of V based on 10 criminal history points, resulting in a United States Sentencing Guidelines ("U.S.S.G") range of 84 to 105 months.  (PSR ¶ 63).  The base offense level was 24 because the defendant had at least two prior felony convictions for either a crime of violence or a controlled substance offense.  (PSR ¶ 18).  A two-level increase applied because the firearm was previously stolen, and the defendant received a three-level reduction for acceptance of responsibility.  (PSR ¶¶ 19, 25, 26).  The defendant was assessed criminal history points for a 2007 conviction for petit larceny; a 2011 conviction for attempted criminal possession of a weapon in the second degree; a 2011 conviction for robbery in the third degree; the 2014 conviction for the Drug Conspiracy; and two additional points because he committed the Gun Offense while under a term of supervised release.  (PSR ¶¶ 30-

35).   At sentencing, the Court found that the Probation Office had correctly calculated the Guidelines, and the defendant did not object to the Guidelines calculation.  (Sentencing Tr. 9).[1]

On June 23, 2017, Your Honor sentenced the defendant to 84 months' incarceration for the Gun Offense, as well as a concurrent 24 months' incarceration for the violation of supervised release on the Drug Conspiracy.  The defendant did not appeal his sentence or conviction.

### B.    Boateng's Motion Under Federal Rule of Civil Procedure 60(b)

On May 21, 2018, the defendant filed a *pro se* motion asking the Court to grant him relief from the judgment of conviction entered on June 23, 2017, based on Federal Rule of Civil Procedure 60(b).  The defendant argues principally that robbery in the third degree in violation of New York Penal Law § 160.05 is not a crime of violence, and that therefore, his 2011 robbery conviction should not have factored into the Guidelines analysis either for the purposes of calculating the base offense level or his criminal history category.  (Def. Mot. 9).  On the basis of those alleged errors, he asserts that he is entitled to relief from judgment under Rule 60(b)(6) and asks the Court to resentence him, applying a total offense level of 21 rather than 23.  (*Id.* at 12).

## III.   Applicable Law

### A.    Motions Under Rule 60(b)

The Federal Rules of Civil Procedure govern only civil actions in federal courts, while the Federal Rules of Criminal Procedure govern criminal proceedings.  *Compare* Fed. R. Civ. P. 1 *with* Fed R. Crim. P. 1.  Federal Rule of Civil Procedure 60(b) sets forth grounds upon which civil litigants may move a court for relief from a final judgement, order, or proceeding.  It does

---

[1]  The defendant was not sentenced as an Armed Career Criminal.  The Armed Career Criminal Act ("ACCA") provides for a mandatory minimum of fifteen years' imprisonment for a defendant who is convicted of violating 18 U.S.C. § 922(g) and who "has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e).

not provide relief from a judgment in a criminal case.  *See e.g.*, *Negron v. United States*, 164 F. App'x 158, 159 (2d Cir. 2006) (summary order); *Gonzalez v. Crosby*, 545 U.S. 524, 531-33 (holding that Rule 60(b) motions should be treated as second or successive habeas petitions when they do no more than seek vindication of "claims" previously advanced in habeas corpus applications); *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction.").

**B.      Recharacterizing *Pro Se* Motions as Section 2255 Petitions**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1217, sets forth the procedures by which a prisoner may petition the courts for relief from a custodial sentence.  Among other things, AEDPA establishes a one-year statute of limitations for such collateral attacks, *see* 28 U.S.C. § 2255(f), and limits petitioners' ability to bring second or successive motions.  *Id.* § 2255(h).  Because these restrictions, designed to promote the finality of judgments, make it generally difficult for a litigant who has previously brought a Section 2255 motion to file another such motion, the Supreme Court has held that district courts may not recharacterize a motion brought by a *pro se* litigant as a first Section 2255 motion without following certain procedures:

> In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.  If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.  § 2255, ¶ 8.

*Castro v. United States*, 540 U.S. 375, 383 (2003).

4

Any additional claims submitted in an amended petition would still have to meet the timeliness requirements otherwise set forth in AEDPA.  *See, e.g.*, *Contreras v. Terrell*, No. 10 CIV 6583 DLC, 2010 WL 3719223, at *2 (S.D.N.Y. Sept. 20, 2010) (instructing *pro se* litigant to "allege facts demonstrating why the petition is timely" if he chooses to submit an amended petition under Section 2255); *United States v. An Soon Kim*, No. 11 CR. 0074 DLC, 2013 WL 2480245, at *2 (S.D.N.Y. June 10, 2013) (noting that if a *pro se* litigant's request to have her sentence reconsidered were characterized as a habeas petition, it would be timely under Section 2255(f)).

## IV.    Discussion

### A.    Rule 60(b) Entitles the Defendant to No Relief

Rule 60(b) of the Federal Rules of Civil Procedure is not the appropriate vehicle for the defendant's challenge to his criminal conviction and Guidelines calculation.  *See Negron v. United States*, 164 F. App'x 158, 159 (2d Cir. 2006) (summary order) ("Rule 60(b) cannot afford [a defendant] relief from his judgment of conviction in a criminal case.").  While Rule 60(b) may be used in certain circumstances to attack civil proceedings that arose out of criminal convictions, such as to attack the integrity of a previous habeas proceeding, *see Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004), those circumstances are not present here, where the defendant has not previously filed a habeas petition.  Therefore, the Court may simply deny the defendant's motion as beyond the scope of Rule 60(b).  *See Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002).

### B.    The Court May Recharacterize the Motion as a Section 2255 Petition After Proper Notice to Boateng

The core of the defendant's motion—that the Court miscalculated his Guidelines range, that there was an intervening change in law, and that his attorney failed to properly advise him

5

about the law—involves claims typically raised in Section 2255 motions.  Accordingly, the Court could choose to recharacterize the motion as a Section 2255 petition after notifying the defendant of its intent to do so, warning the defendant that he will be subject to restrictions on second or successive Section 2255 motions, and giving the defendant an opportunity to withdraw or amend the motion to include additional Section 2255 claims, as set forth in *Castro v. United States*.  540 U.S. 375, 383 (2003).

Nothing in this response should be construed as a suggestion by the Government that the defendant's claims would be successful if his motion were characterized as a Section 2255 motion; in fact, they do not appear to have any merit.[2]

## V.    Conclusion

For the foregoing reasons, the defendant's motion should be denied.

Dated:  New York, New York
        June 18, 2018

Respectfully submitted,

GEOFFREY S. BERMAN
Acting United States Attorney
Southern District of New York

/s/ _____
Allison Nichols
Christopher J. DiMase
Assistant United States Attorneys
Tel:            (212)                    637-2366

---

[2] *See United States v. Jones*, 878 F.3d 10, 19 (2d Cir. 2017) ("[W]e easily conclude that New York's definition of robbery necessarily falls within the scope of generic robbery as set forth in the commentary to U.S.S.G. § 4B1.2(a)."); *see also Perez v. United States*, 885 F.3d 984, 988 (6th Cir. 2018) (holding that "forcible stealing" under New York law—which is the common element of all degrees of NY robbery—satisfies ACCA's force clause).

## AFFIRMATION OF SERVICE

I, Allison Nichols, affirm under penalty of perjury as follows:

1.      I am an Assistant United States Attorney in the Southern District of New York.

2.      On June 18, 2018, I caused a copy of the foregoing to be served on the defendant by certified mail at the following address:

> Clement Boateng (69030-054)
> USP Canaan
> U.S. Penitentiary
> P.O. Box 300
> Waymart, PA 18472

Dated: New York, New York
      June 18, 2018

/s/ Allison Nichols
Allison Nichols
Assistant United States Attorney
(212) 637-2366