UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :    16 Cr. 710 (PAC)
            - against -                            :
                                                   :    **OPINION & ORDER**
CLEMENT BOATENG,                                   :
            *Defendant.*                           :
------------------------------------------------------------------X

Five years ago, Defendant Clement Boateng moved for a reduction of his sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Due to administrative error, his motion was never resolved. Boateng has since been released from incarceration, but he continues to serve a term of supervised release. Because Boateng's term of supervised release is a collateral consequence of his original conviction, this Court will now rule on his motion for a reduced sentence. However, the Court must construe his motion as a petition pursuant 28 U.S.C. § 2255. Before doing so, the Court is required to warn Mr. Boateng of the potential adverse consequences of such a characterization. Accordingly, it is hereby ORDERED that Boateng shall, within 30 days of the date of this Order, notify this Court in writing whether: (1) he consents to the Court treating his Motion as a motion pursuant to 28 U.S.C. § 2255; (2) he wishes to modify his Motion; or (3) he wishes to withdraw his Motion.

## BACKGOUND

On June 23, 2017, the late Honorable William H. Pauley III sentenced Clement Boateng ("Defendant") to 84 months' incarceration for possession of a firearm by a convicted felon, and a concurrent 24 months' incarceration for violation of supervised release. *See* Judgment, ECF No. 21. On May 21, 2018, Defendant moved to reduce his sentence from 84 to 70 months'

1

incarceration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* Def. Mot. 12, ECF No. 25. In substance, Defendant claims that his Sentencing Guidelines range improperly included a prior conviction for robbery in the third degree, *id.* at 9, and asserts that pursuant to Rule 60(b)(6), he should be resentenced with a total offense level of 21 rather than 23. *Id.* at 12. On August 13, 2021, Defendant's case was reassigned to this Court, ECF No. 28, but due to administrative error, this Court was not notified of the pendency of Defendant's motion, which remains open. Defendant has since been released from incarceration but continues to serve a term of supervised release. *See* Inmate Locator Service, BOP Registration No. 69030-054, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/.

## **DISCUSSION**

The Court begins its analysis with standing. "In order for the federal court to have jurisdiction over a claim, the claim must satisfy the case-or-controversy requirement of Article III, Section 2 of the United States Constitution. If the petitioner's claim fails to satisfy this requirement, at any point during the litigation, the claim is moot." *Ellington v. United States*, No. 09 Civ. 4539, 2010 WL 1631497, at *1 (S.D.N.Y. Apr. 20, 2010). "The Supreme Court has held that a habeas petition challenging a criminal conviction is not necessarily mooted when the petitioner is released from prison, as collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." *Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002) (footnote omitted). Here, Defendant remains on supervised release. Had his original sentence been reduced, he would have been able to complete his term of supervised release earlier than currently scheduled. This is a sufficient "collateral consequence" of his original sentence to confer standing.

Although Defendant's motion is not moot, it fails because Rule 60(b) of the Federal Rules of Civil Procedure is not the appropriate vehicle to challenge a Guidelines calculation. The Federal Rules of Civil Procedure "govern the procedure in all civil actions." Fed. R. Civ. P. 1. "Thus, Rule 60(b) cannot afford [a defendant] relief from his judgment of conviction in a criminal case." *Negron v. United States*, 164 F. App'x 158, 159 (2d Cir. 2006). While Rule 60(b) may be used in narrow circumstances to attack civil proceedings that arise out of criminal convictions, such as a pervious habeas proceeding, *see Harris v. United States*, 367 F.3d 74, 77 (2d Cir.2004), those circumstances are not present here, where the defendant has not previously filed a habeas petition. Accordingly, Defendant's motion is beyond the scope of Rule 60(b).

The more appropriate avenue for relief is the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which sets forth the procedures by which a prisoner may petition the court for relief from a custodial sentence. 28 U.S.C. § 2255. Specifically, § 2255(a) permits a prisoner to move "to vacate, set aside or correct [a] sentence" which was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." Here, Defendant's claim that the Court miscalculated his Guidelines range is squarely within the ambit of § 2255(a). *See United States v. Henriquez*, No. 10 Cr. 73, 2012 WL 5896749, at *2 (S.D.N.Y. Nov. 20, 2012) (construing *pro se* motion for modification of Sentencing Guidelines as motion pursuant to § 2255). However, "[b]efore the Court can proceed to the merits of the Motion . . . it is required to notify [Defendant] of the potential adverse consequences of such a characterization and give him an opportunity to withdraw his Motion." *Id.* (citing *Castro v. United States*, 540 U.S. 375, 383 (2003)). "This notification is necessary because if the Court construes [Defendant's] Motion as a section 2255 petition and denies relief, [Defendant] would be subject to section 2255's stringent limits on a prisoner's ability to bring second or successive petitions." *Id.*

3

In accordance with the above, the Court now notifies Boateng that it intends to recharacterize his Motion as a motion pursuant to 28 U.S.C. § 2255. The Court further warns Boateng that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions provided in § 2255(h). Specifically, § 2255(h) provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

## CONCLUSION

For the reasons provided above, it is hereby ORDERED that Boateng shall, within 30 days of the date of this Order, notify this Court in writing whether: (1) he consents to the Court treating his Motion as a motion pursuant to 28 U.S.C. § 2255; (2) he wishes to modify his Motion; or (3) he wishes to withdraw his Motion. If Boateng fails to respond within 30 days of the date of this Order, the Court shall rule on his Motion, construing it as having been made pursuant to 28 U.S.C. § 2255.

Dated: New York, New York
October 27, 2023

SO ORDERED

/s/ Paul A. Crotty
HONORABLE PAUL A. CROTTY
United States District Judge